The Memorandum Decision below is hereby signed. The court does not request that the Memorandum Decision be published in West's Bankruptcy Reporter. Dated: July 17, 2007.



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                                )
                                     )
SYLVIA M. SMITH,                     )  Case No. 04-01581
                                     )  (Chapter 7)
        Debtor.                      )
_____        )
                                     )
ROCKSTONE CAPITAL, LLC,              )
                                     )
        Plaintiff,                   )
                                     )
        v.                           )
                                     )  Adversary Proceeding No.
WALKER-THOMAS FURNITURE              )  04-10457
COMPANY, INC., *et al.*,             )
                                     )
        Defendants.                  )

MEMORANDUM DECISION RE MOTION TO
<u>DISMISS COUNT IV OF THE SECOND AMENDED COMPLAINT</u>

The defendant Sylvia Smith has filed a motion to dismiss Count IV of the Second Amended Complaint, and the plaintiff, Rockstone Capital, LLC ("Rockstone"), has opposed that motion. The court will grant the motion for the following reasons.

I

Count IV of the Second Amended Complaint seeks a declaration that Rockstone's claim against Smith is nondischargeable based on 11 U.S.C. § 523(a)(6).  It is premised on the following allegations.

Rockstone is the holder of a note and guarantee executed by William Smith and Sylvia Smith in 1993.  Pursuant to the guarantee, Rockstone obtained a confessed to judgment against William Smith and Sylvia Smith in Prince George's County, Maryland in 2001.  A notice of the judgment was filed with the Superior Court of the District of Columbia on November 11, 2002.

<u>First Transfer</u>.  On October 28, 2002, before Rockstone filed the notice of judgment, Sylvia Smith conveyed the property commonly known as 3013 Georgia Ave, NW, Washington, DC, to her son Andre Smith.  She did so with the intent to delay, hinder, and defraud Rockstone.  Sylvia Smith was aware that the note and guarantee were in default.  She had no intention of paying Rockstone pursuant to the note and guarantee.  At the time the conveyance was made, Sylvia Smith was either insolvent or was rendered insolvent as a result of the conveyance, and Sylvia Smith did not receive fair consideration for the conveyance of the property to her son.  The conveyance is fraudulent pursuant to DC Code §28-3104, <u>et seq.</u>

<u>Second Transfer</u>.  Later, in 2003, Andre Smith, by his attorney in fact, Sylvia Smith, transfered the property to Mohamed Afrah.  As part of the transfer, Afrah borrowed $30,130 from Andre Smith and granted him a deed of trust to secure repayment of that $30,130.  Sylvia Smith took part in the transfer of the property in an attempt to put the property out of the reach of Rockstone.

Rockstone alleges that in making the first and second transfers, Sylvia Smith

- willfully caused malicious injury to Rockstone;
- maliciously took part in the first and second transfers in conscious disregard of Rockstone's right to the collateral;
- absorbed all the equity in the property and left no monies for Rockstone to satisfy its confessed judgment;
- acted willfully, and in knowing disregard of the rights of Rockstone without justification; and
- caused malicious injury to Rockstone's right to recover under the confessed judgment.

As set forth below, these allegations do not suffice to state a claim under § 523(a)(6).

II

Section 523(a)(6) provides in relevant part that a discharge under § 727 does not discharge an individual debtor from any debt

"for willful and malicious injury by the debtor to another entity or to the property of another entity."  For § 523(a)(6) to apply, Rockstone was required to plead either a debt for an injury to itself or a debt for injury to its property.

A.

Rockstone contends that the debtor's acts injured Rockstone as an unsecured creditor with respect to its ability to collect its judgment, in particular, the prospect that it would record its judgment in the District of Columbia and obtain an enforceable lien against the property.  However, although Rockstone may have been injured by the debtor's acts, Rockstone has pointed to no basis in law for holding the debtor liable for such injury.

Rockstone has failed to identify any nonbankruptcy law that imposes an independent and separate obligation on a debtor for frustrating collection of a debt she already owes when the debtor's acts do not entail an injury to existing property rights of the creditor.  If the debtor engaged in a transfer that is fraudulent as to an unsecured creditor, the remedy under nonbankruptcy law is to set aside the fraudulent conveyance and then to proceed against the property, or to proceed against the transferee for the value of the transfer if the property has been transferred to a bona fide purchaser.  As the party whose debt to the creditor makes the transfer fraudulent, the transferor is

4

already indebted to the creditor for the amount owed.  Here, the judgment debt is the debt the debtor Smith owes Rockstone, not a debt for having made the fraudulent transfer.  Rockstone points to no statutory or other basis for an independent debt to be found owing by the debtor based on her having made the transfer.  See Quarré v. Saylor (In re Saylor), 178 B.R. 209, 213-14 (B.A.P. 9th Cir. 1995) (in § 523(a)(6) proceeding, creditor did not show that a debt was owed by transferor as a result of the transferor's fraudulent transfer; California law imposes liability on *transferees* of fraudulent transfers), aff'd on basis of B.A.P. decision, 108 F.3d 219 (9th Cir. 1997); Master-Halco, Inc. v. Picard (In re Picard), 339 B.R. 542, 554-55 (Bankr. D. Conn. 2006) ("Debtor was contractually liable to the Plaintiff on the Guaranty. His alleged transfers may have made him incapable of performing on the Guaranty thus breaching and 'injuring' it in some sense. However, a breach of contract unaccompanied by tortious conduct (*e.g.,* conversion of collateral) does not give rise to a Section 523(a)(6) nondischargeability claim." [Citations omitted.]).[1]

　　Nonbankruptcy law may, however, impose liability on the transferee, whose debt might be nondischargeable if the

---

[1] In contrast, a New York statute makes a debtor liable for attorney's fees of a creditor or bankruptcy trustee who sets aside an intentionally fraudulent conveyance, and § 523(a)(6) may make such fees a nondischargeable debt.  See Gentry v. Kovler (In re Kovler), 249 B.R. 238, 262 n.17 (Bankr. S.D.N.Y. 2000).

5

transferee obtained a bankruptcy discharge, see Murray v. Bammer (In re Bammer), 131 F.3d 788 (9th Cir. 1997); McCain Foods USA, Inc. v. Shore (In re Shore), 305 B.R. 559, 569 (Bankr. D. Kan. 2004) (distinguishing Saylor), aff'd, 317 B.R. 536 (B.A.P. 10th Cir. 2004), but it simply does not impose liability on the debtor-transferor whose pre-existing debt is what rendered the transfer fraudulent. Without a debt arising from the transfer, Rockstone has not pled a valid § 523(a)(6) claim for a debt for injury to itself.

In contrast to nonbankruptcy law, the Bankruptcy Code imposes a consequence on a debtor for having engaged in certain fraudulent transfers. Section 727(a)(2) of the Bankruptcy Code authorizes a denial of discharge to a debtor who engages in certain attempts to hinder or defraud a creditor by transferring property, but Rockstone's request belatedly to amend its complaint to raise a claim under § 727(a)(2) has been denied.

B.

Rockstone has pointed to no property owned by it as to which the debtor inflicted willful and malicious injury. Rockstone had no lien upon the subject property at the time of the first and second transfers. Accordingly, the debtor did not engage in a conversion of a lien.

Rockstone contends that the debtor knew that Rockstone was able to obtain a lien on her property and was in the process of

taking the steps to do so.  It then contends that "[i]f Plaintiff can prove that the debtor knew of the security interest, and also that the debtor knew that a transfer of the property was wrongful and certain to cause financial harm to the creditor, then such a debt should be found nondischargeable under § 523(a)(6)," citing Navistar Fin. Corp. v. Stelluti (In re Stelluti), 94 F.3d 84 (2d Cir. 1996).  In Stelluti, however, the court upheld a ruling that the debtor's debt "was nondischargeable under 11 U.S.C. § 523(a)(6) because her actions in helping her husband transfer *funds that were the property of [the creditor]* to out-of-state bank accounts were willful and malicious."  Id. (emphasis added).  Here, Rockstone has not established a property interest that the debtor injured.

Rockstone only points to a possible judgment lien it could obtain on the property in the future.  If it had a lien on the property, the property would have passed subject to the lien.  Having not obtained a lien on the property, it was only an unsecured creditor and fares no better than any other creditor who could in the future obtain a judgment and then take steps to impose a lien for the judgment on the property.  Accordingly, Rockstone has not shown a valid claim under § 523(a)(6) based on a debt for injury to its property.

III

In accordance with the foregoing, an order will follow dismissing Count IV of the Second Amended Complaint, and directing the plaintiff to file a status report regarding its views with respect to the timing of disposition of the counts that remain.

[Signed and dated above.]

Copies to:

James E. Clarke
Rita Ting-Hopper
Draper & Goldberg, PLLC
803 Sycolin Road
Suite 301
Leesburg, VA 20175
Counsel for the plaintiff Rockstone Capital, LLC

Vere O. Plummer
Plummer and Associates
1090 Vermont Avenue, NW Suite 800
Washington, DC 20005
Counsel for the debtor Sylvia M. Smith

Walker-Thomas Furniture Co, Inc.
c/o William Smith, President
6804 25th Avenue
Hyattsville, MD 20782
Co-defendant

William Smith
6804 25th Avenue
Hyattsville, MD 20782
Co-defendant

Andre L. Smith
9490 Timesweep Lane
Columbia, MD 21045
Co-defendant

Mohamed O. Afrah
2229 10th Street, NW
Washington, DC 20001
Co-defendant

Wendell W. Webster
Chapter 7 Trustee
Webster, Fredrickson & Brackshaw
1775 K Street, NW
Suite 600
Washington, DC 20006

Office of the United States Trustee

O:\Judge Teel Docs\Rockstone Capital vs Walker-Thomas (In re Sylvia Smith) Memorandum Decision re MTD 523(a)(6) Claim v2.wpd